MA

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOSE JUAN GALLEGOS, LILIAN                )
PATRICIA PANAMA, FIDEL VINEGAS,           )
HUGO SANCHEZ, on behalf of themselves     )
and all other persons similarly situated, )
known and unknown,                        )
                                          )
            Plaintiffs                )
                                          )    Case No. 12 C 4032
     v.                                  )
                                          )    Magistrate Judge Finnegan
MIDWAY BUILDING SERVICES, LTD,            )
MIDWAY SERVICES, INC. d/b/a               )
BRILLANTE BUILDING SERVICES, INC.,        )
LIBERTY BUILDING MAINTENANCE,             )
INC., and MIDWAY BUILDING GROUP, INC.     )
                                          )
           Defendants.                )

### ORDER PRELIMINARILY APPROVING STIPULATION OF SETTLEMENT AND APPROVING CLASS CERTIFICATION, FORM AND MANNER OF CLASS NOTICE AND SETTING A HEARING FOR FINAL APPROVAL OF SETTLEMENT

Plaintiffs and Defendants Midway Building Services, Ltd., Midway Services, Inc. d/b/a

Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and Midway Building

Group, Inc. (hereafter collectively referred to as "Midway") (collectively, the "Parties"), having

reached a settlement in this matter on a class-wide basis, the Court having reviewed the

Stipulation of Settlement ("Settlement Agreement"), attached hereto as Attachment 1, and the

record in this Litigation, including the Parties' Joint Motion for Preliminary Approval of the

Parties' Stipulation of Settlement and for Approval of Class Certification, Form and Manner of

Class Notice and Scheduling Hearing for Final Approval of Settlement,

IT IS HEREBY ORDERED AS FOLLOWS:

1.    The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as being fair, reasonable, and adequate. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2.    The Court has jurisdiction over the subject matter of this lawsuit and the Parties, including the members of the Settlement Class, as defined below.

3.    The Court finds that the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure have been met. Furthermore, the Court finds that this matter has met the prerequisites for being certified as a collective action under the Fair Labor Standards Act ("FLSA"). The case is hereby certified, for purposes of settlement only, as a class action under Federal Rule of Civil Procedure 23(b)(3) and as a collective action under the FLSA. The Court hereby certifies the following class:

> All current and former non-union, hourly employees of Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and/or Midway Building Group, Inc. who worked for Defendants in Illinois from May 23, 2009 through October 28, 2012 and who have an alleged claim for wages, vacation pay and/or uncompensated work time.

4.    The Court appoints Plaintiffs Jose Juan Gallegos, Lilian Patricia Panama, Fidel Vinegas and Hugo Sanchez as Class Representatives and Christopher J. Williams and Alvar Ayala as Class Counsel. The Court finds that the Class Representatives and Class Counsel have provided adequate representation to the Settlement Classes.

5.    The Court further approves of the Parties' proposed Notice of Class Action/Collective Action, Proposed Settlement and Hearing, and the manner in which notices will be given as provided in the Settlement Agreement.

6.    The follow schedule shall govern the issuance of notice, final court approval and distribution of settlement funds:

      a.  On or before May 23, 2013, the parties shall engage the services of (Administrator) to administer the class in the manner described in the Motion for Preliminary Approval;

      b.  On or before May 30, 2013, the Administrator shall mail notice of the proposed settlement and a claim form to class members;

      c.  Class Members will have until July 29, 2013 to return their claim forms or to opt out utilizing the procedure stated in the proposed class notice.

      d.  On or before August 5, 2013, the Class Administrator will make all Class Member claim forms available for review by Defense Counsel as described in the Settlement Agreement.

      e.  Midway shall have until August 26, 2013 to challenge any claim which Midway determines does not relate to a Settlement Class Member or is otherwise invalid as described in the Settlement Agreement.

      f.  Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than August 26, 2013; and

      g.  Within seven (7) days of the Final Approval Hearing, the Parties will submit to the Court any necessary documents for the Court's consideration of Final Approval of the Settlement Agreement, including any Motions, final calculations of settlement payments to the Class Members, and responses to any objections and/or comments.

      h.   The Fairness Hearing is hereby scheduled to be held before the Court on September 12, 2013 at 11:00 a.m. in Courtroom 2214.

7.    Pending final approval of the Settlement Agreement, the prosecution and defense of the case is hereby stayed; the Class Representatives, all members of the Settlement Classes, and each of them, and anyone who acts or purports to act on their behalf, shall not threaten, institute, commence or prosecute any action that seeks to assert claims against any Released Party related to the subject matter of this lawsuit.

8.    The Court reserves exclusive and continuing jurisdiction over this Litigation, the Class Representatives, the Settlement Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of this Order and the Settlement Agreement upon the entry of a Final Order by this Court granting final approval of the Settlement Agreement and dismissing this Litigation with prejudice, or in the event of an appeal of such Final Order, the final resolution of the appeal upholding the Final Order; (2) supervising the distribution of the Settlement Fund; and (3) resolving any disputes or issues that may arise in connection with this Litigation or the Settlement of this Litigation.

It is so ordered.

DATE: May 16, 2013

Hon. Magistrate Judge Finnegan
United States District Judge
Northern District of Illinois

# ATTACHMENT 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSE JUAN GALLEGOS, LILIAN PATRICIA PANAMA, FIDEL VANEGAS, HUGO SANCHEZ, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) ) | |
| Plaintiffs | ) ) | Case No. 12 C 4032 |
| v. | ) ) | Magistrate Judge Finnegan |
| MIDWAY BUILDING SERVICES, LTD., MIDWAY SERVICES, INC. d/b/a BRILLANTE BUILDING SERVICES, INC., LIBERTY BUILDING MAINTENANCE, INC., and MIDWAY BUILDING GROUP, INC. | ) ) ) ) ) ) | |
| Defendants. | | |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement is made by and between Plaintiffs Jose Juan Gallegos, Lillian Patricia Panama, Fidel Vanegas, and Hugo Sanchez ("Plaintiffs") on behalf of themselves and all other similarly situated persons and Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and Midway Building Group, Inc. (collectively "Defendants"), as to the Complaint relating to the Defendants alleged 1) failure to pay minimum wages to Plaintiffs and other similarly situated employees in violation of the FLSA and IMWL; 2) failure to pay overtime wages to Plaintiffs and other similarly situated employees in violation of the FLSA and IMWL; 3) failure to pay Plaintiffs for all time worked at the rate agreed to by the parties in violation of the IWPCA; 4) failure to pay Plaintiffs for earned vacation time in violation of the IWPCA; and 5) unlawful retaliation taken against Plaintiffs for exercising rights protected under the FLSA, IMWL and IWPCA.

DEFINITIONS.

1.1    The term "Agency" means Working Hands Legal Clinic ("WHLC"), which has an Internal Revenue Service designation as a Section 501(c)(3) organization, or any alternative charitable organization having an Internal Revenue Service Section 501(c)(3) designation, which has been selected by Plaintiffs and approved by the Defendants.

1.2    The terms "Agreement" or "Settlement Agreement" mean this Stipulation of Settlement.

1.3    The term "Claims Administrator" means Settlement Services, Inc. ("SSI") which has been jointly designated by Counsel for the Parties to administer the Class Settlement Fund pursuant to this Stipulation of Settlement and orders of the Court.

1.4    The term "Claim Form" means the document by which Class Members can make a claim for settlement proceeds or can opt-out of the Settlement, in the form attached as Exhibit B.

1.5    The term "Class Member" means a person who meets the class definitions in Section 6 and who is listed on Exhibit A, attached hereto, and who has not filed a written request to 'opt out' of the Litigation. In the event there is a dispute between the Class Definition and Exhibit A, Exhibit A shall prevail. Exhibit A shall remain confidential between Midway's Counsel and Class Counsel.

1.6    The term "Gross Class Settlement Fund" shall be One Hundred thousand and 00/100 Dollars ($100,000.00) which is equal to the Settlement Amount of Two Hundred and Twenty-Five Thousand and 00/100 Dollars ($225,000.00), less attorneys' fees and costs as provided in Section 12 and less payments to the named Plaintiffs as specified in Section 11. The payments for all Payees (defined below) for final resolution of their claims against the Defendants shall be made from the Gross Class Settlement Fund as discussed in Section 9. As

discussed in Section 9, the Gross Class Settlement Fund shall be reduced by the cost of claims administration and a reduction of a $5.00 minimum payment to each Class Member. The remaining Settlement Fund after reductions will be administered to Class Members as discussed in Section 9.

1.7    The term "Court" means the United States District Court for the Northern District of Illinois.

1.8    The term "Midway" or "Defendants" means Midway Building Services, LTD., Midway Services, Inc. d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and Midway Building Group, Inc. and its parents, divisions, subsidiaries, partnerships, affiliates, entities under common or joint control of any one or more of the foregoing and benefit plans and all of their past, present, and future trustees, fiduciaries, owners, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys.

1.9    The term "Midway's Counsel" means all counsel who appeared as attorneys of record on behalf of Midway in the Litigation, or who subsequently so appear.

1.10   The term "Effective Date" means the date on which the time for appeal has passed following final Court approval, or, in the event of an appeal, the date on which the appeal is finally resolved.

1.11   The term "Filing Deadline" means the final day on which a Class Member may make a claim or file a written request to opt-out from this Litigation, and shall be sixty (60) days after the date of the Mailing of Class Action Notice.

1.12 The term "Final Order" means the Court's action granting final approval of this Agreement, or in the event of an appeal of such order, the appellate order upholding the Court's order.

1.13 The term "Litigation" means this class action lawsuit filed in the United States District Court for the Northern District of Illinois, entitled *Jose Juan Gallegos, Lillian Patricia Panama, Fidel Vanegas, and Hugo Sanchez, on behalf of themselves and other similarly situated persons v. Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and Midway Building Group, Inc,* Case No. 12 C 4032.

1.14 The term "Mailing of Class Action Notice" means the mailing of Class Action Notice and Claim Form to Class Members by the Claims Administrator.

1.15 The term "Named Plaintiffs" means Jose Juan Gallegos, Lillian Patricia Panama, Fidel Vanegas, and Hugo Sanchez.

1.16 The terms "Notice of Class Action" or "Class Action Notice" mean a notice of this Litigation and Settlement to Class Members in the form attached as Exhibits C.

1.17 The term "Parties" means the Named Plaintiffs (including on behalf of themselves and the Class Members) and Midway.

1.18 The term "Payees" means all Class Members who are deemed to have successfully submitted claims for a portion of the Gross Class Settlement Fund.

1.19 The term "Plaintiffs' Counsel" and "Class Counsel" means Workers' Law Office, PC.

1.20 The term "Preliminary Approval" means the Court's Order granting preliminary approval of this Agreement. A draft proposed Order of Preliminary Approval is attached as Exhibit D.

1.21 The term "Released Parties" means Midway as defined in Section 1.8 above.

1.22 The term "Remainder Fund" or "Remainder Amount" means the unclaimed portion of the Class Settlement Fund that remains after payments have been made to class members who successfully file a claim on the Class Settlement Fund, including any portion of the Class Settlement Fund attributable to class members who fail to timely make a claim on the Class Settlement Fund or who successfully opt out of the Litigation.

1.23 The term "Settlement Amount" means the sum of Two Hundred and Twenty Five Thousand and 00/100 Dollars ($225,000.00) from which the payments for the claims administration and to Members of the Class, Named Plaintiffs, and attorneys' fees and costs shall be made.

1.24 The term "Settlement" means the Parties' compromise of this Litigation as set forth in this Agreement.

2.     **BACKGROUND**

2.1 On May 23, 2012, a class action lawsuit was filed in the U.S. District Court for the Northern District of Illinois. The case is currently titled *Jose Juan Gallegos, Lillian Patricia Panama, Fidel Vanegas, and Hugo Sanchez, on behalf of themselves and other similarly situated persons v. Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and Midway Building Group, Inc,* Case No. 12 C 4032.

2.2    2.2    Counts I and II of the First Amended Complaint allege a failure to pay minimum wages to Plaintiffs and other similarly situated employees in violation of the FLSA

and IMWL. Counts III and IV allege a failure to pay overtime wages to Plaintiffs and other similarly situated employees in violation of the FLSA and IMWL. Count V alleges a failure to pay Plaintiffs for all time worked at the rate agreed to by the parties in violation of the IWPCA. Count VI alleges a failure to pay Plaintiffs for earned vacation time in violation of the IWPCA. Counts VII, VIII and IX allege an unlawful retaliation taken against Plaintiffs for exercising rights protected under the FLSA, IMWL and IWPCA. The Parties now jointly seek to certify a class of persons, for settlement purposes only, that falls within Plaintiffs' FLSA, IMWL and IWPCA claims.

## 3.    SCOPE, PURPOSE AND BENEFITS OF THE SETTLEMENT

3.1    This Agreement is intended to, and, subject to Court approval, does effectuate, the full, final, and complete resolution of the Litigation as to Midway. In exchange for the consideration offered herein, the Named Plaintiffs and class members will provide Midway with a full and complete release, as defined in Section 7 of this Agreement.

3.2    This Agreement identifies the procedures for notice to class members and calculation of subsequent claims for owed minimum, overtime, and other owed wages by class members resulting from Midway's alleged practice of compensating Plaintiffs and the class at their regular rate of pay for all hours worked, including hours worked in excess of forty (40) hours in individual work weeks. This claims procedure will be subject to the Class Settlement Fund cap of $100,000.00, less the cost of claims administration. This procedure will resolve all of Named Plaintiffs' claims, actions, charges, demands, liabilities, obligations, fees, or suits of any kind, whether known or unknown, which the Named Plaintiffs have, have had or may have arising from their employment with Midway, from the beginning of time through the Effective Date of this Agreement. This procedure will also resolve the claims of all Class Members,

who do not opt-out of the lawsuit, arising under the FLSA, IMWL, IWPCA, and any other statute, authority or law providing a cause of action arising out of or relating to any allegation of wages, vacation pay, and/or uncompensated work time.

3.3 The Parties agree that based on the claims made and the remedies available in this litigation, one-half of each settlement payment to Payees shall constitute back wage payments and the remaining one-half of each settlement payment constitutes payment for liquidated damages, penalties, prejudgment interest, and/or consideration for each Named Plaintiff or Class Member's release of claims. The portion treated as wages shall be paid net of all applicable employment taxes, including federal, state and local income tax withholdings, and the employee share of FICA, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number of an IRS Form W-2. The portion treated as liquidated damages and interest shall be paid without withholding and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

3.4 Named Plaintiffs and Midway do not abandon the respective positions they have taken throughout the course of the Litigation. Nonetheless, they recognize that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of this recognition, Named Plaintiffs and Midway believe that this Settlement is the best way to resolve the Litigation as between them.

## 4. JURISDICTION

The Court has jurisdiction over the Parties, Class Members, and the subject matter of the Litigation. The Parties shall seek the Court's consent to retain jurisdiction of the Litigation for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein.

5.  **MIDWAY'S STATEMENT OF NO ADMISSION OF LIABILITY; NO EVIDENTIARY EFFECT**

    5.1   This Agreement, including all exhibits and related documents presented in the course of litigation and/or settlement negotiations, do not constitute, and are not intended to constitute, and will not be deemed to constitute, an admission by Midway or any of the other Released Parties as to the merits of the allegations or claims made in the Litigation.  Midway specifically denies the claims raised in the Litigation and believes it has asserted meritorious defenses thereto, denies that the Litigation is suitable for class certification, and further specifically denies any wrongdoing or legal liability to any individual or group of individuals, including but not limited to Named Plaintiffs and Class Members, arising out of allegations, theories, and/or claims regarding uncompensated work time.

    5.2   Nothing in this Agreement, including any action taken in implementation thereof, any statements, discussions or communications, and any materials prepared, exchanged, issued or used during the course of the Litigation or the negotiations leading to the Agreement, is intended to be introduced, be used or be admissible in any way in the Litigation or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Agreement or any orders or judgments of the Court entered in connection therewith.

    5.3   In the event that this Agreement is not approved by the Court or by an appellate court, Midway will not be deemed to have waived, limited, or affected in any way any objections or defenses in the Litigation.

5.4    Exhibit A shall be kept confidential between Counsel for the Parties and shall not be filed

in any court of law except under seal. In the event that this Agreement is not approved by the

Court or by an appellate court, any and all copies of Exhibit A in possession of Class Counsel

shall be returned to Midway's Counsel within seven (7) days and the Parties will resume the

posture at which the Parties stood prior to the execution of this Agreement.

## 6.    DEFINITION OF SETTLEMENT CLASS

6.1    In order to implement the terms of this Agreement, Named Plaintiffs and Midway

agree to seek certification by the Court of the following settlement class, pursuant to Fed. R. Civ.

P. 23:

> All current and former non-union, hourly employees of Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and/or Midway Building Group, Inc. who worked for Defendants in Illinois from May 23, 2009 through October 28, 2012 and who have an alleged claim for wages, vacation pay and/or uncompensated work time.

The exact list of Class Members is attached hereto as Exhibit A. In the event there is a

dispute between the Class Definition and Exhibit A, Exhibit A shall prevail.

6.2    The procedure by which settlement payments will be calculated for Class

Members who make a claim are set forth in Section 9 below.

## 7.    WAIVER, RELEASE, AND DISMISSAL

7.1    General Release of Claims by the Named Plaintiffs

In addition to the foregoing, the Named Plaintiffs, on behalf of themselves and their

heirs, legatees, personal representatives and assigns, hereby release and discharge Midway from

any actions, claims, causes of action, charges, demands, liabilities, obligations, debts, dues,

interest, liquidated damages, penalties, sums of money, accounts, reckonings, bonds, bills,

covenants, contracts, controversies, judgments, executions, fees, or suits of any kind, whether in

law or equity, whether known or unknown, which the Named Plaintiffs have, have had or may have arising from their employment with Midway, from the beginning of time through the Effective Date of this Agreement. Without limiting the generality of the foregoing, this release includes: (i) any claims or allegations asserting discriminatory termination, harassment or retaliation; (ii) all claims under the FLSA, 29 U.S.C. § 201, *et seq.*, the IMWL, 820 ILCS 105/1, *et seq.*, the IWPCA, 820 ILCS 115/1, *et seq.*, Title VII, 42 U.S.C. §§ 2000e *et seq.*, Section 1981, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.*, the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq.*, the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq.*, the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq.*, and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq.*; (iii) any other federal, state, county or local statute, ordinance, regulation, or order concerning the rights of employees; and (iv) all employment-related claims under the common law of any state, whether in tort, contract or otherwise. The Named Plaintiffs will be required to execute a General Release, in the form attached hereto as Exhibit E, as condition to receiving any payments to which they are entitled under Section 11 below.

   7.2   Binding Effect of Waiver and Release of Claims of Named Plaintiffs

   Upon the Court's issuance of the Final Order, the general release of claims in Section 7.1 shall be binding on the Named Plaintiffs and shall be binding on their heirs, legatees, personal representatives and assigns, or anyone claiming through them. Further, this waiver and release of claims shall inure to the benefit of Midway. The release contained in Section 7.1 may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to any of the released claims. The Parties fully agree that

this Agreement may be pleaded as necessary for the purpose of enforcing this Agreement in any court of competent jurisdiction.

    7.3    Release of Claims of Class Members

    Upon the Court's issuance of the Final Order, this Agreement shall act as a full and final settlement of all claims, causes of action, charges, demands, liabilities, obligations, debts, dues, interest, liquidated damages, penalties, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, judgments, executions, fees, or suits of any kind, whether in law or equity, whether known or unknown, to the extent they in any way relate to or arise out of any allegation in the Litigation, including but not limited to, those claims relating to unpaid wages and/or any uncompensated work time for all Class Members who do not opt out of the Litigation as against Midway.

    7.4    Binding Effect of Waiver and Release of Claims of Class Members

    Upon the Court's issuance of the Final Order, the release of claims in Section 7.3 shall be binding on any Class Member who does not opt out of the Settlement Class (whether or not such members submit claims) and shall be binding on their heirs, legatees, personal representatives and assigns, or anyone claiming through them. Further, this waiver and release of claims shall inure to the benefit of Midway. The release contained in Section 7.3 may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to any of the released claims. The Parties fully agree that this Agreement may be pleaded as necessary for the purpose of enforcing this Agreement in any court of competent jurisdiction.

## 8.    CONDITIONS OF SETTLEMENT

    8.1    This Stipulation of Settlement is expressly contingent on the following conditions precedent:

8.1.1. The Court preliminarily approves this Stipulation of Settlement and the Notice and Claim Form;

8.1.2 Defendant's counsel causes the notice of settlement as required by the Class Action Fairness Act, 28 U.S.C. §1715(b) ("CAFA").

8.1.3 The Court certifies the Class as defined in Section 6;

8.1.4 Notice to the Class in this Litigation, attached hereto as Exhibit C is provided as set forth in Section 9.

8.1.5 The Court conducts a Fairness Hearing; and

8.1.6 The Court issues a Final Order approving this Stipulation of Settlement and dismissing the Litigation as provided in Section 10, but retaining jurisdiction for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein and all appeals are resolved and agreement finally approved.

8.2 The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of implementing and achieving the conditions set forth above, including without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or institution of other action or proceedings seeking review of the Final Order or seeking the assertion of any cause of action contemplated or released by this Stipulation of Settlement. The Parties further agree that the case shall be stayed in all respects during the process of satisfying the conditions precedent as provided herein, until the entry of a Final Order is no longer a possibility as determined by this Court or a court of appeal.

8.3    The Parties' counsel shall jointly move for Preliminary Approval of this Settlement.

8.4    In the event that the Court does not enter a Final Order for any reason that cannot be cured by the Parties, or, in the event of an appeal, the Final order is not upheld, all matters covered by this Agreement shall be null and void and Midway shall be under no obligation to pay any payment under this Agreement and nothing in this Stipulation of Settlement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation. Further, should a Final Order not be entered and/or upheld on appeal, the Parties shall not have waived, and expressly reserve, their respective rights with regard to the prosecution and defense of the Litigation, as if this Stipulation of Settlement never existed.

## 9.    NOTICE, FILING OF CLAIMS AND OPPORTUNITY TO OPT-OUT

### 9.1    Class Action Notice to the Class Members

A Class Action Notice of this Litigation and Agreement, attached hereto as Exhibit C, shall be mailed to the Class Members, along with a Claim Form, attached hereto as Exhibit B. The Class Action Notice shall include a description of the procedures to bring a claim and the procedure for determining the amount of the settlement claim owed to the Class Member, if any. The Class Action Notice will also include a description of the terms of the settlement of the Employment Notice claim.

#### 9.1.1    Mailed or Distributed Class Action Notice.

No later than seven (7) days after the Court's Preliminary Approval, Midway shall tender to the Claims Administrator the most current address information Midway has in its records for each Class Member. The Claims Administrator and Class Counsel shall not use the names and

addresses provided by Midway for any purpose other than the mailing of the Class Action Notice.

9.1.1.1. Mailing of Class Action Notice: No later than seven (7) days thereafter, the Claims Administrator shall mail a Class Action Notice and Claim Form to each Class Member via first-class U.S. mail. Within fourteen (14) days of mailing, the Claims Administrator shall provide the Parties' Counsel with a list of the names and contact information for all persons to whom Class Action Notice was sent, and the date or dates on which Class Action Notices were sent. The Claims Administrator shall notify the Parties' Counsel of any Class Member whose Notice of Class Action is returned as undelivered. Midway shall bear the cost of its own labor or expenses incidental to producing the class list.

9.1.1.2 Second Mailing: The Claims Administrator shall promptly conduct a Second Mailing for any Class Member whose Class Action Notice and Claim Form is returned as undelivered and for whom a forwarding address is provided by the U.S. Postal Service within twenty-one (21) days of the date of the First Mailing of Class Action Notice. If after this Second Mailing the Class Action Notice and Claim Form are again returned as undelivered, or if no different current address can be reasonably determined, the noticed mailing process shall end for that Class Member, who will be deemed not to have opted out of the Settlement and shall be bound by this Agreement. The Second Mailing shall be completed no later than twenty-one (21) days after the First Mailing. No later than fourteen (14) days after the completion of the Second Mailing, the Claims Administrator shall provide the Parties' Counsel with a list of the names and

contact information of all Class Members to whom Class Action Notice and Claim Form was sent as part of the Second Mailing, and the date or dates of that mailing.

9.2    Monetary Relief

9.2.1    Claims for owed wages, vacation pay and/or uncompensated work time: All Class Members must file a claim for uncompensated work time pay by submitting a Claim Form to the Claims Administrator no later than the Filing Deadline to be eligible to receive a flat $5.00 minimum payment and a *pro rata* share of the Remaining Class Settlement Fund. Since the Named Plaintiffs are being compensated from the Settlement Fund of $225,000.00, the Named Plaintiffs are **not** eligible to recover any amounts from the Class Settlement Fund.

9.2.2    Calculation of Settlement Payments: Each Class Member shall be allocated a proportionate share of the Gross Class Settlement Fund after the Gross Class Settlement Fund has been reduced by (1) administrator fees and costs and (2) a $5.00 minimum payment for each member of the Settlement Class. The Gross Class Settlement Fund as reduced by the foregoing amounts shall be referred to as the "Remaining Class Settlement Fund." The Parties propose the following formula for Class Settlement distributions and will be made on a claims-made basis. Each Class Member's proportionate share of the Class Settlement Distribution shall be calculated by the Class Administrator as follows:

(1)    Each class member shall receive one (1) share for every week the payroll records reflect the employee worked overtime but was not paid overtime between May 23, 2009 through October 28, 2012. The resulting calculation for

each Class Member is the "Individual Class Member Numerator."

(2) Add up all the Individual Class Member Numerators to obtain the "Total Class Member Denominator."

(3) To determine the "Resulting Decimal" for each Class Member, divide the Class Member's Individual Class Member Numerator by the Total Class Member Denominator.

(4) To determine the Settlement Share for each Class Member, multiply the Resulting Decimal for each Class Member by the Remaining Class Settlement Fund.

(5) The Settlement Share for each Class Member shall be added to the $5.00 flat payment to determine the Class Member's Settlement Award.

9.2.4 Notwithstanding any other provision of this Agreement, the formula applied in this paragraph is utilized solely for purposes of determining each member's share of the available settlement proceeds.

9.3 Opportunity to Opt Out and Opt-Out Period

A Class Member electing to be excluded from this Settlement and the Litigation must file with the Court a written request no later than the Filing Deadline, and the written request shall be served on the Parties' Counsel. The Filing Deadline applies notwithstanding any assertion of non-receipt of the Notice of Class Action by any Class Member.

This Agreement and Final Order shall not apply to persons who opt out of the Litigation. Any such person shall be excluded from the Settlement, and shall not be entitled to any monetary damages pursuant to this Agreement. Additionally, any such person who affirmatively opt outs of the Litigation cannot later proceed against Midway as Class Representatives in a class or collective action. The Preliminary Approval Order shall provide that no putative Class Member shall purport to exercise any exclusion rights of any other person, or purport to opt out other

Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative. Any such purported opt-outs shall be void, and the Class Members that are the subject of the purported opt-out shall be treated as Settlement Class Members for all purposes.

9.4     Class Counsel's Communication with the Class Members

Class Counsel shall respond to any communications or inquiries by any Class Members. To the extent such communications or inquiries regard the meaning of the terms of the Settlement and that Class Counsel believe in good faith to concern an ambiguity in the Agreement that could result in confusion among Class Members, Midway's Counsel shall be given prompt notice by Class Counsel of such communications or inquiries and the response(s) thereto, provided however that nothing within this Section 9 shall constitute a waiver of the attorney-client privilege with respect to privileged communications between Class Counsel and any Class Member.

## 10.    COURT PROCEEDINGS

This Agreement establishes procedures to secure final Court approval of the Settlement. These procedures are governed exclusively by the terms and conditions set forth in this Agreement.

10.1  CAFA Notice

Within ten (10) days of filing this Settlement Agreement with the Court, Defendant's counsel will cause the notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. 1715(b), to be issued to the Attorney General for the United States, as well as the Attorneys General of each state in which one or more Class Members or Named Plaintiff resides.

10.2  Fairness Hearing

On a date to be scheduled by the Court, the Court shall conduct a Fairness Hearing for purposes of reviewing the Settlement, evaluating objections by Class Members, if any, and deciding whether to issue a Final Order granting final approval of this Agreement, dismissing Counts I – IX of the Complaint as to the Named Plaintiffs with prejudice and Counts I – VI of the Complaint as to Class Members with prejudice. As a part of the Parties' Agreed Motion for Final Approval of Class Settlement, the Parties shall include all relevant information and reports regarding notice to the class.

10.3    This Agreement is contingent on the issuance of the Final Order. The Parties agree to take all steps as may be necessary to secure the Court's approval of this Agreement, to the extent not inconsistent with the terms of this Agreement. The Parties further agree that they will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval, of the Agreement. The Parties expressly agree that they will not file any objection (other than a request for correction) to the terms of this Agreement and will not assist or encourage any person or entity to file any such objection.

## 11.    NAMED PLAINTIFFS' PAYMENTS

11.1    Each Named Plaintiff shall receive a payment as settlement of all their claims asserted in this matter and claims that could have been asserted in this matter. Additionally, these payments to the Named Plaintiffs constitute a service award for the Named Plaintiffs' services in having acted as class representatives.

The payment to each Named Plaintiff for alleged "Owed Wages" in the amount of $5,000.00 shall be treated as settlement of a wage claim, with appropriate withholding of federal, state, and local income taxes, and the Named Plaintiff's share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective Settlement Payments, and Midway shall issue an IRS form W-2 for such payments. The payment to each Named Plaintiff in the amount

of $10,000.00 shall be treated as liquidated damages and for alleged retaliation shall be paid without withholding and Midway shall issue an IRS form 1099 for such payments. Midway shall use tax documents the Company has on file for each Named Plaintiff to make such payments and withholdings. Subject to the distribution indicated in this Section, taxation of payments to Named Plaintiffs shall be processed and paid as specified in Section 14 of this Agreement.

All payments to the Named Plaintiffs shall be made from the Settlement Amount of $225,000.00 and shall be separate from the Class Settlement Fund.

11.2    Within fourteen (14) days of Final Approval of the Stipulation of Agreement and Named Plaintiffs' execution of the General Release, in the form attached hereto as Exhibit E, Midway shall cause payments to the named Plaintiffs to be issued to each of the named Plaintiffs, care of Plaintiffs' Counsel, Workers' Law Office, PC at 401 S. LaSalle Street., Suite 1400, Chicago, Illinois 60605, Attn: Christopher J. Williams, from the Settlement Amount.

## 12.    ATTORNEYS' FEES AND COSTS

12.1 Midway shall pay Class Counsel Sixty-Five Thousand and 00/100 Dollars ($65,000.00) to be paid upon the effective date of this Agreement as for all attorneys' fees expended and that will be expended and for all costs incurred and that will be incurred in seeing this matter through Final Approval, including but not limited to: (i) obtaining Preliminary Approval from the Court; (ii) responding to inquiries from Class Members regarding the Settlement; (iii) assisting Class Members; (iv) assisting in resolving any objections; (v) defending the Settlement and securing the Final Order, including the conduct of any appellate action. Payment of attorneys' fees and costs pursuant to this section shall be made from the Settlement Amount of $225,000.00 and shall be separate from the Class Settlement Fund.

12.2 Midway shall issue a check for attorneys' fees and costs, payable to Workers' Law Office, PC via certified mail to Workers' Law Office, PC at 401 S. LaSalle St., Suite 1400, Chicago, Illinois 60605. Workers' Law Office, PC shall provide Midway with its Federal Employer Identification Number and Midway shall issue Workers' Law Office, PC an IRS Form 1099 for the amount of the payment of the attorneys' fees and costs.

## 13. DISTRIBUTION OF THE SETTLEMENT AMOUNT

### 13.1 Settlement Amount

Midway's total obligation under this Agreement shall not exceed $225,000.00, exclusive of any obligation Midway has to pay payroll taxes on its own behalf as required by law and described in Section 14.3 below. On or before May 23, 2013, Midway shall fund a Qualified Settlement Fund established by the Claims Administrator in the amount of $165,000.00 of the Total Settlement Amount. (Midway shall pay the remaining $60,000.00 of the Total Settlement Amount directly to the Named Plaintiffs as specified in Section 11, *supra*.

### 13.2 Time for Distribution to Payees

#### 13.2.1 Distribution of Class Members' Settlement Awards

The Claims Administrator will mail Claim Forms to Class Members in accordance with section 9.1 of this Agreement. To be deemed a Payee, the Class Member must sign the Claim Form without deletion or amendment of the release language, and return the Claim Form to the Claims Administrator postmarked no later than sixty (60) days after the original date of the first mailing of the Claim Form ("Claim Form Deadline"). The Claims Administrator shall have the right to contact any Class Member to request additional information for purposes of determining the validity of any claim. Any person who fails to submit a valid and timely Claim Form shall receive no benefit from this settlement. Any completed Claim Form that is returned to the Claims

Administrator postmarked more than sixty (60) days after the date of the first mailing of the Claim Form to the Settlement Class Member shall be conclusively deemed untimely and invalid.

### 13.2.2 Distribution of Class Member Settlement Awards

The Class Administrator shall process and mail checks in the amount of each Payee's share of the Class Settlement Fund within thirty (30) days after the Court grants Final Approval of this Agreement. Payees will have sixty (60) days from the date of issuance to cash their Settlement Award checks. Sixty (60) days after sending the Settlement Award checks, a stop payment order will be issued. When the last stop payment order has been issued, any unclaimed funds in the Settlement Account, less any bank charges imposed for the stop payment orders, will be redistributed as provided for in Paragraph 13.2.6.

13.2.3 Promptly following the mailing of the settlement payments, the Class Administrator shall provide Class Counsel with (i) the date(s) of such mailing, and (ii) a ledger listing the amount of the check mailed to each Payee.

13.2.4 Midway shall mail Named Plaintiff Payments via certified mail or Federal Express to Plaintiffs' Counsel for hand-delivery distribution as described in Section 11.

13.2.5 Any settlement check returned to the Class Administrator and not otherwise claimed by a Payee within sixty (60) days of the mailing date in Section 13.2.2 shall be voided, and amounts payable pursuant to such check shall become part of the Remainder Amount and shall be distributed in accordance with Section 13.5. Promptly following the date that is sixty (60) days after the mailing date of the checks in Section 13.2.2, the Claims Administrator shall provide Class Counsel and Midway's Counsel with a list identifying by check number any check returned to the Claims Administrator as undeliverable or unclaimed.

13.2.6 For any Class Members whose checks are returned as undeliverable, no further settlement payments will be sent to that Class Member, unless a corrected address is provided by Class Counsel prior to thirty (30) days before the close of the Distribution Period.

13.3    Claims Administrator

13.3.1 The Claims Administrator will distribute the Notice of Class Action and any additional notice as provided by this Agreement, field inquiries from Class Members, and handle other issues related to the administration of the Settlement in accordance with the terms of this Agreement, in concert with Class Counsel and Midway's Counsel. Midway shall cooperate with the Claims Administrator in any way necessary to effectuate this Agreement and shall bear the cost of any of its own labor or any incidental costs in effectuating this Agreement. Midway's Counsel will provide the Class Administrator with the payroll data necessary to calculate the Payee's settlement share and the Class Administrator shall compute such payments. The Class Administrator shall determine the payroll taxes applicable to each Payee and any additional payroll taxes owed by Midway, if any. Additionally, the Claims Administrator shall distribute settlement funds and facilitate returned settlement checks as set forth in Section 13.2.

13.4    Rejection of Claims

The Claims Administrator shall make the claim forms available to Midway on or before seven (7) days from the final date in which a Class Member's claim form may be postmarked and in batches sooner as agreed to by Class Counsel and Midway's Counsel. Midway shall have twenty-one (21) days after all claim forms are made available to Midway to challenge any claim which Midway determines does not relate to a Settlement Class Member or is otherwise invalid and Midway will send the Claim form to Class Counsel. If Midway and Class Counsel or claimant disagrees as to any claim, Class Counsel or claimant may bring the disputed claim

before the Court. If Class Counsel or the Court determines that any claim is invalid, Class Counsel will mail to the claimant a notice of rejection stating the reasons for such rejection.

13.5    Remainder Amounts

Thirty (30) calendar days after the closure of the Distribution Period described above, half (50%) of any Remainder Amount shall be designated as *cy pres* approved by the Court and distributed to the Agency and half (50%) shall be reverted to Midway.

## 14.    TAXATION

14.1 Fifty percent (50%) of each payment made to each Class Member shall be treated as settlement of a wage claim, with appropriate withholding of federal, state, and local income taxes, and the Class Members' share of Federal Insurance Contributions Act (FICA) taxes shall be deducted from the respective Settlement Payments, and the Class Administrator shall issue an IRS form W-2 for such payments. Midway will be responsible for paying from its own funds Federal Unemployment Tax Act and the employer's share of FICA taxes on all applicable amounts paid to Class Members. The remaining 50% of each payment made to a Class Member shall be treated as settlement of the Class Member's claim for liquidated and/or penalty damages pursuant to the FLSA and/or the state statutes providing for liquidated and/or penalty damages and shall be made without withholdings and the Class Administrator shall issue an IRS form 1099 for such payments.

14.2 Payments to Named Plaintiffs shall be apportioned as specified in Sections 11.1 and 11.3 of this Agreement.

14.3 For all payments to each named Plaintiff and to Class Members, IRS Form W-2s and IRS Form 1099s will be distributed at times and in the manner required by the Internal Revenue Code of 1986 (the "Code") and consistent with this Agreement.

14.4 If the Code, the regulations promulgated thereunder, or other applicable tax law change after the date of this Agreement, the processes set forth in this section may be modified with the approval of the Court in a manner to bring the Parties into compliance with any such changes.

14.5 With respect to the Named Plaintiffs' Payments, the recipients represent that they understand that it is their obligation to pay appropriate federal, state, and local income taxes, interest, penalties, or other amounts due on such payments.

## 15. LIMITATIONS ON THE USE OF THIS SETTLEMENT

15.1 Midway denies that it engaged in any illegal or improper conduct. This Stipulation of Settlement, including all exhibits and related documents, does not constitute, is not intended to constitute, and will not be deemed to constitute an admission by Midway as to the merits of any of the allegations or claims made in the Litigation. Rather, Midway denies all of the allegations in the Litigation and denies any and all liability of any kind to anyone with respect to the alleged facts and causes of action asserted in the Litigation.

15.2 Nothing in this Settlement, including any action taken in implementation thereof, any statements, discussions or communications, and any materials prepared, exchanged, issued or used during the course of the negotiations leading to the Settlement, is intended to be introduced, used or deemed admissible in any way in the Litigation or any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Settlement may be used in any proceeding that has as its purpose the interpretation, implementation, or enforcement of the Settlement, or any orders, rulings or judgments of the Court entered in connection therewith.

15.3 If this Stipulation of Settlement shall not enter force, because the Court does not issue the Final Order, or the Final Order is reversed or substantially modified, or for any other reason, then this Agreement including all Exhibits shall be considered null and void. In that event, neither this Stipulation of Settlement nor any of the related negotiations or proceedings shall be of any force or effect, and all Parties shall stand in the same position, without prejudice, as if the Settlement had been neither executed nor filed with the Court, and neither the Settlement Class nor Class Counsel shall receive any benefit, nor suffer any detriment, as a result.

15.4 Invalidation of any material portion of this Stipulation of Settlement shall invalidate this Stipulation of Settlement in its entirety unless the Parties shall agree in writing that the remaining provisions shall remain in full force and effect.

## 16. MISCELLANEOUS PROVISIONS

16.1 Stay of Litigation

Consistent with this Agreement between Named Plaintiffs and Midway, the Parties agree to the stay of all discovery in the Litigation, pending the issuance of the Final Order.

16.2 No Interference

Neither Midway and Midway's Counsel, nor the Named Plaintiffs and Class Counsel shall take any action of any kind to interfere with any Class Member's decision whether or not to participate in this Settlement.

16.3 No Retaliation

Midway shall not retaliate against any person claiming under the settlement and all persons contacting Class Counsel.

16.4 Successors and Assigns

This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties and their successors and assigns and applies to the sale or other transfer of the business and ownership of Midway, including the sale of assets, in whole or in part, and regardless of whether the sale involves the continuation of a substantial number of the workers of Midway to operate such sold or transferred business or assets.

16.5  Interpretation of the Agreement

The Agreement will be interpreted and enforced under the laws of the State of Illinois, without regard to its conflict of laws provisions, except where federal law applies. Any claim regarding the enforcement of the Agreement will be resolved solely and exclusively in the U.S. District Court for the Northern District of Illinois.

16.6  Final Agreement

The terms and conditions of this Agreement constitute the exclusive and final understanding and expression of all agreements between Plaintiffs and Midway with respect to the resolution of the Litigation. The Named Plaintiffs, on their own behalf and on behalf of the class they represent, and Midway accept entry of this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement. The Agreement may be modified only by a writing signed by the Parties and approved by the Court.

Named Plaintiffs and Midway recognize that during the process of implementing the terms of this Agreement, issues not contemplated by the parties may arise. In that event, Named Plaintiffs and Midway agree to exercise good faith in attempting to resolve such issues.

16.7  Counterparts

This Agreement may be executed in one or more actual or facsimile counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

16.8  Authority

Each individual signing below warrants that she or he has the authority to execute this Agreement on behalf of the party for whom or which that individual signs. The failure of any one party to sign this Agreement will not affect the enforceability of this Agreement.

**For Plaintiffs:**

Christopher J. Williams
Workers' Law Office, PC
401 S. LaSalle St, Suite 1400
Chicago, Il 60605
(312) 795-9121


Attorney for Plaintiffs

**For Midway:**

Jeffrey A. Risch
SmithAmundsen, LLP
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601


Attorney for Midway

**EXHIBIT A – LIST OF CLASS MEMBERS**
**(CONFIDENTIAL)**
**(FOR SETTLEMENT PURPOSES ONLY AND FOR ATTORNEYS EYES ONLY)**

## EXHIBIT B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION
*Gallegos, et al. v. Midway Building Services et al., Case No. 12 C 4032*

### CLAIM FORM/CONSENT TO JOIN FORM AND RELEASE FORM

If your name or address is different from those shown below, print the corrections on the lines to the right.

Name/Address Changes (if any):

<<NAME>>
<<ADDRESS>>
<<CITY>>,<<ST>><<ZIP>>

( \_ \_ \_ ) \_ \_ \_ - \_ \_ \_ \_          ( \_ \_ \_ ) \_ \_ \_ - \_ \_ \_ \_
Area Code  Daytime Telephone No.          Area Code Evening Telephone No.

**YOU MUST COMPLETE THIS FORM IN ORDER TO BE ELIGIBLE FOR A MONETARY RECOVERY. INCOMPLETE AND/OR UNTIMELY CLAIM FORMS WILL BE REJECTED.**

I. INSTRUCTIONS:

1.  **You must** <u>sign</u> **and** <u>mail</u> **this Claim Form in order to be eligible for a monetary recovery. Your Claim Form must be postmarked on or before July 29, 2013, or it will be rejected.**

2.  If you move, please send the Claims Administrator your new address. It is your responsibility to keep a current address on file with the Claims Administrator.

II. TO QUALIFY FOR YOUR SHARE OF THE SETTLEMENT FUND, YOU MUST AGREE TO THE FOLLOWING CONDITIONS BY SIGNING AND DATING SECTION III.

I consent and agree to join the above referenced lawsuit for wages, vacation pay and/or uncompensated time for work performed on behalf of Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and/or Midway Building Group, Inc. I agree to be bound by the collective and class action settlement in the above-referenced case. My signature constitutes a full and complete release by me on behalf of myself and my heirs, legatees, personal representatives and assigns, *of Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and Midway Building Group, Inc.* and its parents, divisions, subsidiaries, partnerships, affiliates, entities under common or joint control of any one or more of the foregoing and benefit plans and all of their past, present, and future trustees, fiduciaries, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys, for all claims, known or unknown, of nonpayment and/or underpayment of wages, including minimum and overtime wages, for unpaid vacation pay and all uncompensated work time.

. X X X — X X — \_ \_ \_ \_

Employee I.D. used at Midway or Social Security Number          Former Names (if any)

III.  CLAIMANT SIGNATURE:

I declare under penalty of perjury under the laws of the State of Illinois and the United States that the foregoing is true and correct and that I understand and agree to be bound by the terms of the above waiver and release.  I hereby waive my right to object and/or opt out of the settlement class.

x_____                    Date Signed: _____
   (Sign your name here)

**Note**: *YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR ELIGIBILITY FOR A MONETARY RECOVERY.*

## EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSE JUAN GALLEGOS, LILIAN PATRICIA PANAMA, FIDEL VANEGAS, HUGO SANCHEZ, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) ) | |
| Plaintiffs | ) ) | Case No. 12 C 4032 |
| v. | ) ) | Magistrate Judge Finnegan |
| MIDWAY BUILDING SERVICES, LTD., MIDWAY SERVICES, INC. d/b/a BRILLANTE BUILDING SERVICES, INC., LIBERTY BUILDING MAINTENANCE, INC., and MIDWAY BUILDING GROUP, INC. | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF PENDENCY OF CLASS ACTION AND COLLECTIVE ACTION, PROPOSED SETTLEMENT AND FAIRNESS HEARING

**TO:** All current and former non-union, hourly employees of Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and/or Midway Building Group, Inc. who worked for Defendants in Illinois from May 23, 2009 through October 28, 2012 and who have an alleged claim for wages, vacation pay and/or uncompensated work time.

> **Please Read This Notice Carefully. This Notice Relates to a Proposed Class Action Settlement of Litigation. If You Are a Class Member, It Contains Important Information as to Your Rights.**

> **IF YOU WISH TO RECEIVE A PORTION OF THE CLASS SETTLEMENT PROCEEDS DESCRIBED BELOW, YOU MUST COMPLETE AND RETURN THE CLAIM FORM TO THE CLASS ADMINISTRATOR BY JULY 29, 2013.**

**What is this Notice about?**

This Notice is to tell you about the Settlement of a "class action" and "collective action" lawsuit that was filed against Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and Midway Building Group, Inc., ("Midway" or "Defendants") and to tell you about a "Fairness Hearing" before Magistrate Judge Finnegan on _____, 2013 at _____ __.m. in Courtroom 2214 of the United States District Courthouse, located at 219 South Dearborn Avenue, Chicago, Illinois 60604, to determine whether the proposed settlement described in the Stipulation of Settlement (the "Settlement") fairly resolves the claims against Defendant Midway as explained below.

This Notice **is not** a notice of a lawsuit <u>against</u> you. A Federal Court has authorized this Notice.

**What is the Litigation about?**

On May 23, 2012, a class action lawsuit was filed in the U.S. District Court for the Northern District of Illinois. The case is currently titled *Gallegos, et al. v. Midway Building Services et al., Case No. 12 C 4032*. Plaintiffs allege that they and similarly situated employees of Midway were not compensated minimum wages for all time worked or overtime wages for hours worked in excess of forty (40) per week or earned vacation pay. Counts I and II of the First Amended Complaint allege a failure to pay minimum wages to Plaintiffs and other similarly situated employees in violation of the FLSA and IMWL. Counts III and IV allege a failure to pay overtime wages to Plaintiffs and other similarly situated employees in violation of the FLSA and IMWL. Count V alleges a failure to pay Plaintiffs for all time worked at the rate agreed to by the parties in violation of the IWPCA. Count VI alleges a failure to pay Plaintiffs for earned vacation time in violation of the IWPCA. Counts VII, VIII and IX allege an unlawful retaliation taken against Plaintiffs for exercising rights protected under the FLSA, IMWL and IWPCA. Midway wishes to settle this lawsuit to avoid costly and time-consuming litigation but Midway does not admit to any wrongdoing or liability.

**Why did I get this Notice?**

You received this Notice because the lawyers for the Plaintiffs and Defendant identified you as a person in the Class, defined as:

> All current and former non-union, hourly employees of Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and/or Midway Building Group, Inc. who worked for Defendants in Illinois from May 23, 2009 through October 28, 2012 and who have an alleged claim for wages, vacation pay and/or uncompensated work time.

If you received this Notice, you are eligible to participate in the Settlement and may be eligible for compensation as described below.

**What is the "Settlement" and how was it agreed upon?**

The Settlement is a compromise of Plaintiffs' claims in the Litigation and is not to be construed as an admission of liability on the part of Defendants. The Court has granted preliminary approval of the Settlement, and the Named Plaintiffs and Midway (collectively, "the Parties") are now seeking final Court approval, which is required for the Settlement to become effective. The Settlement includes a procedure for eligible persons to receive their share of the Class Settlement Fund. Plaintiffs believe that the claims asserted in the Litigation have merit. Defendants do not believe that the claims asserted in the Litigation have merit. There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual allegations made against Defendants in this Litigation.

Substantial amounts of time, energy, and other resources have been devoted by the Parties in prosecuting and in defending the Litigation. Unless there is a settlement, that Litigation will continue. In settlement negotiations, the Parties have taken into account the uncertainty of the outcome and the risk of litigation. In light of these factors, the Parties believe that the Settlement is the best way to resolve the Litigation while minimizing further expenditures.

The Parties and their attorneys believe that the Settlement is fair, reasonable, and adequate, and in the best interests of all Parties, including the Settlement Class.

**What are the terms of the Settlement?**

Midway has agreed to pay a Settlement Amount of $225,000.00 to resolve all claims in this Lawsuit as described in the Stipulation of Settlement. Each class member shall be allocated a proportionate share of the Settlement Amount after the Settlement Fund has been reduced by: (1) $65,000 as payment for court approved attorneys' fees and reasonable costs up through final approval of the Settlement; (2) $60,000 for court approved payments to the Named Plaintiffs for settlement and service awards, (3) administrator/translation fees and costs and (4) a minimum payment of $5.00 for each member of the Settlement Class. The Settlement Amount as reduced by the foregoing amounts shall be referred to as the "Remaining Settlement Fund." Every Class Member will be allocated a share of the Remaining Settlement Fund according to the formula below.

The combined total of any unclaimed Settlement Fund amounts and the amounts of the settlement checks that Settlement Class Members fail to cash or negotiate within 60 days of mailing, if any, shall be distributed and allocated with fifty percent (50%) to Midway and (50%) to a *cy pres*, Working Hands Legal Clinic.

All of the terms of the Stipulation of Settlement of this matter may be received by contacting Counsel for the Class as described below.

**What am I entitled to recover under the Settlement?**

If the settlement is approved by the court, the settlement funds will be distributed in proportion to the relative amount of damages that each class member may have recovered if Plaintiffs had continued, and ultimately prevailed in, the litigation. Each participating member shall receive a flat payment of $5.00 plus any additional amount allocated by an equitable

formula based on the number of weeks of unpaid overtime pay between May 23, 2009 through October 28, 2012 with each participating member receiving one share for each applicable week.

The Class Administrator will pay settlement distributions directly to eligible claimants. Fifty percent (50%) of your settlement share will be taxable, and the Class Administrator will make appropriate withholdings from your distribution. The remaining fifty-percent (50%) of your settlement share is allocated as interest, penalties and liquidated damages, not wages. The remaining amount also will be taxable, but withholdings will not be taken out of this amount. Therefore, in order to receive your share of the settlement, you must complete and return the enclosed W-4 form, W-9 form, and State tax designation form (if any) in addition to the claim form. After receiving your distribution, we strongly encourage you to consult with an accountant or tax advisor.

**How do I receive a Settlement Award?**

To receive a part of the Class Settlement Fund, you must complete and sign the Claim Form without alteration or amendment and return it to the Class Administrator no later than 60 days of the original postmark date of the Claim Form. *If you do not timely complete and return a signed and completed Claim Form, you will not receive a Monetary Settlement Award.*

**Am I required to participate in the Settlement?**

No, you may do nothing and you will remain a member of the class and bound by the Class Settlement but you will not receive a check.

You also have the right to exclude yourself from the lawsuit and "opt-out" of the Settlement if you comply with the opt-out procedure stated below. If you exclude yourself, you will not receive any monies from the settlement.

To effectively opt-out, you must file with the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn, 20th Floor, Chicago, IL 60604, a written statement expressing your desire to be excluded from the Settlement in *Gallegos et al v Midway Building Services et al* no later than 60 days of the original postmark of this Notice. **The "opt-out" statement must be postmarked no later than 60 days of the original postmark of this Notice to be effective.** The statement must include (1) your name, (2) current address and current telephone number, (2) your dates of employment and job titles with Midway, and (3) specifically state your desire to be excluded from the settlement. **If you opt-out of the Settlement you will not recover any money as part of this Settlement.** You may, however, pursue other legal remedies apart from the Settlement that may be available to you. However, if you affirmatively opt out of the Settlement you cannot later proceed against Midway as Class Representatives in a class or collective action. Neither the Parties nor their attorneys make any representations to you regarding what, if any, legal remedies are available to you should you choose to opt-out. **YOU SHOULD NOT OPT-OUT IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT.**

Persons who do not opt-out of the Settlement (whether or not such members submit claims) will release and discharge, on behalf of themselves and their heirs, legatees, personal representatives and assigns, Midway, and its parents, divisions, subsidiaries, partnerships,

affiliates, and benefit plans and all of their past, present, and future trustees, fiduciaries, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys, for all claims for uncompensated work time from May 23, 2009 through October 28, 2012

You must mail copies of the "opt-out" statement to Class Counsel and to Defendants' Counsel at the addresses listed below.

| Class Counsel | Midway's Counsel |
|---|---|
| Christopher J. Williams | Jeffrey Risch |
| Alvar Ayala | SmithAmundsen, LLC |
| Workers' Law Office, PC | 150 N. Michigan Avenue, Suite 3300 |
| 401 S. LaSalle St., Suite 1400 | Chicago, IL 60601 |
| Chicago, IL 60605 | |

**What is the Fairness Hearing and do I need to attend?**

The purpose of the Fairness Hearing in this case is to determine whether the proposed Settlement of the Litigation is fair, reasonable, and adequate, and whether the proposed Settlement should be finally approved by the Court and the Litigation dismissed. **Any Class Member who is satisfied with the proposed Settlement does not have to appear at the Fairness Hearing.**

Any person who has not validly and timely opted-out of the Settlement but who objects to the proposed Settlement may appear in person or through counsel at the Fairness Hearing and be heard as to why the Settlement should not be approved as fair, reasonable, and adequate, or why a final judgment should or should not be entered dismissing the Litigation with prejudice. No attorneys' fees will be paid by Defendants to an objector's counsel for any work related to an objection to this Settlement. If you choose to object to the settlement, you must on or before July 29, 2013, (1) file with the Clerk of the United States District Court for the Northern District of Illinois, and (2) serve upon Christopher Williams, Workers' Law Office, PC, 401 S. LaSalle St., Suite 1400, Chicago, Illinois 60605 (Class Counsel) and Jeffrey A. Risch, SmithAmundsen LLC, 150 North Michigan Ave., Suite 3300, Chicago, IL 60601 (counsel for Midway), a written objection including: (a) your full name, address, and, telephone number, (b) dates of your employment with Midway and job title(s) while employed with Midway and (c) a written statement with all grounds for the objection accompanied by any legal basis for your objection, (d) copies of papers, briefs, or other documents upon which the objection is based, (e) a list of all persons who will be called to testify in support of your objection, and (f) your signature, even if you are represented by counsel. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

If you file an objection and wish it to be considered, you must also appear at hearing on [INSERT DATE], at [INSERT TIME], at the federal courthouse at 219 South Dearborn Street in Chicago, Illinois, Courtroom 2214, at which time the presiding judge in this case (the Magistrate

Judge Finnegan) will consider whether to grant final approval of this settlement. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT. Please note that it is not sufficient to simply state that you object. You must state reasons why you believe the settlement should not be approved.

### When is the Court hearing to determine if the Settlement is fair?

The Fairness Hearing will be held before the Honorable Magistrate Judge Finnegan on _____, 2013 at _____ _.m. in Courtroom 2214 of the United States District Courthouse located at 219 South Dearborn Avenue, Chicago, Illinois 60604. The Fairness Hearing may be adjourned from time to time as the Court may direct, without further notification.

If you are a member of the Settlement Class, you will be bound by the proposed Settlement if it is approved, unless you opt-out by making a timely opt-out request as described above.

### What rights am I giving up if I participate in the Settlement?

Persons who do not opt out of the Settlement will release and discharge, on behalf of themselves and their heirs, legatees, personal representatives and assigns, Midway, and its parents, divisions, subsidiaries, partnerships, affiliates, and benefit plans and all of their past, present, and future trustees, fiduciaries, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers and attorneys, for all claims for wages, vacation pay and/or uncompensated work time from May 23, 2009 through October 28, 2012.

### How are the lawyers for the Settlement Class Paid?

Subject to Court approval, Class Counsel will receive $65,000.00 of the Settlement Amount, for all past and future attorneys' fees and reasonable costs incurred or that will be incurred in this Litigation through final approval of the Settlement as set forth in the Stipulation of Settlement.

### What if the court does not approve the settlement?

If the Court does not approve the settlement, the case will proceed as if no settlement has been attempted, and there can be no assurance that the class will recover more than is provided for in the Settlement, or indeed, anything.

### Where can I get additional information about the settlement?

Any questions you or your attorney has concerning this notice should be directed to Christopher Williams, Workers' Law Office, PC, 401 S. LaSalle St., Suite 1400, Chicago, Illinois 60605 or by calling Mr. Williams at 312-795-9120. **Please do not contact the Court Clerk, the Judge, or defense counsel; they are not in a position to give you any advice about this settlement.**

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS SETTLEMENT.**

Dated: _____  BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**Note**: *YOUR IMMIGRATION STATUS WILL NOT AFFECT YOUR ELIGIBILITY FOR A MONETARY RECOVERY.*

## EXHIBIT D

## EXHIBIT C IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSE JUAN GALLEGOS, LILIAN PATRICIA PANAMA, FIDEL VANEGAS, HUGO SANCHEZ, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) ) | |
| Plaintiffs | ) ) | Case No. 12 C 4032 |
| v. | ) ) | Magistrate Judge Finnegan |
| MIDWAY BUILDING SERVICES, LTD, MIDWAY SERVICES, INC. d/b/a BRILLANTE BUILDING SERVICES, INC., LIBERTY BUILDING MAINTENANCE, INC., and MIDWAY BUILDING GROUP, INC. | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER PRELIMINARILY APPROVING STIPULATION OF SETTLEMENT AND APPROVING CLASS CERTIFICATION, FORM AND MANNER OF CLASS NOTICE AND SETTING A HEARING FOR FINAL APPROVAL OF SETTLEMENT

Plaintiffs and Defendants Midway Building Services, Ltd., Midway Services, Inc. d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and Midway Building Group, Inc. (hereafter collectively referred to as "Midway") (collectively, the "Parties"), having reached a settlement in this matter on a class-wide basis, the Court having reviewed the Stipulation of Settlement ("Settlement Agreement") and the record in this Litigation, including the Parties' Joint Motion for Preliminary Approval of the Parties' Stipulation of Settlement and for Approval of Class Certification, Form and Manner of Class Notice and Scheduling Hearing for Final Approval of Settlement,

IT IS HEREBY ORDERED AS FOLLOWS:

1.     The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein as being fair, reasonable, and adequate. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2.     The Court has jurisdiction over the subject matter of this lawsuit and the Parties, including the members of the Settlement Class, as defined below.

3.     The Court finds that the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure have been met. Furthermore, the Court finds that this matter has met the prerequisites for being certified as a collective action under the Fair Labor Standards Act ("FLSA"). The case is hereby certified, for purposes of settlement only, as a class action under Federal Rule of Civil Procedure 23(b)(3) and as a collective action under the FLSA. The Court hereby certifies the following class:

> All current and former non-union, hourly employees of Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and/or Midway Building Group, Inc. who worked for Defendants in Illinois from May 23, 2009 through October 28, 2012 and who have an alleged claim for wages, vacation pay and/or uncompensated work time.

4.     The Court appoints Plaintiffs Jose Juan Gallegos, Lilian Patricia Panama, Fidel Vanegas and Hugo Sanchez as Class Representatives and Christopher J. Williams and Alvar Ayala as Class Counsel. The Court finds that the Class Representatives and Class Counsel have provided adequate representation to the Settlement Classes.

5.     The Court further approves of the Parties' proposed Notice of Class Action/Collective Action, Proposed Settlement and Hearing, and the manner in which notices will be given as provided in the Settlement Agreement.

6. The follow schedule shall govern the issuance of notice, final court approval and distribution of settlement funds:

a. On or before May 23, 2013, the parties shall engage the services of (Administrator) to administer the class in the manner described in the Motion for Preliminary Approval;

b. On or before May 30, 2013, the Administrator shall mail notice of the proposed settlement and a claim form to class members;

c. Class Members will have until July 29, 2013 to return their claim forms or to opt out utilizing the procedure stated in the proposed class notice.

d. On or before August 5, 2013, the Class Administrator will make all Class Member claim forms available for review by Defense Counsel as described in the Settlement Agreement.

e. Midway shall have until August 26, 2013 to challenge any claim which Midway determines does not relate to a Settlement Class Member or is otherwise invalid as described in the Settlement Agreement.

f. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than August 26, 2013; and

g. Within seven (7) days of the Final Approval Hearing, the Parties will submit to the Court any necessary documents for the Court's consideration of Final Approval of the Settlement Agreement, including any Motions, final calculations of settlement payments to the Class Members, and responses to any objections and/or comments.

h. The Fairness Hearing is hereby scheduled to be held before the Court on _____,

2013 at \_\_\_\_\_ \_\_.m. in Courtroom 2214.

7.    Pending final approval of the Settlement Agreement, the prosecution and defense

of the case is hereby stayed; the Class Representatives, all members of the Settlement Classes,

and each of them, and anyone who acts or purports to act on their behalf, shall not threaten,

institute, commence or prosecute any action that seeks to assert claims against any Released

Party related to the subject matter of this lawsuit.

8.    The Court reserves exclusive and continuing jurisdiction over this Litigation, the

Class Representatives, the Settlement Class, and the Released Parties for the purposes of: (1)

supervising the implementation, enforcement, construction, and interpretation of this Order and

the Settlement Agreement upon the entry of a Final Order by this Court granting final approval

of the Settlement Agreement and dismissing this Litigation with prejudice, or in the event of an

appeal of such Final Order, the final resolution of the appeal upholding the Final Order; (2)

supervising the distribution of the Settlement Fund; and (3) resolving any disputes or issues that

may arise in connection with this Litigation or the Settlement of this Litigation.

It is so ordered.

DATE: _____    _____

Hon. Magistrate Judge Finnegan
United States District Judge
Northern District of Illinois

## EXHIBIT E

## NAMED PLAINTIFF'S GENERAL RELEASE

_____, and his/her heirs, executors, administrators, successors, and assigns ("Named Plaintiff") and Midway Building Services, Ltd., Midway Services, Inc. d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and Midway Building Group, Inc. (hereafter collectively referred to as "Midway"), its parents, divisions, subsidiaries, partnerships, affiliates, and benefit plans and all of their past, present, and future trustees, fiduciaries, shareholders, administrators, directors, officers, agents, partners, members, principals, employees, insurers, and attorneys, and in connection with and as part of the settlement of the matter entitled *Jose Juan Gallegos, Lilian Patricia Panama, Fidel Vanegas, Hugo Sanchez on behalf of themselves and all other persons similarly situated, known and unknown, v. Midway Building Services et al*, Case No. 12 C 4032, pending in the United States District Court for the Northern District of Illinois (the "Class Action"), agree that:

1.          Consideration. In consideration for (1) signing this General Release, and complying with its terms, and (2) Jose Juan Gallegos, Lilian Patricia Panama, Fidel Vanegas, Hugo Sanchez's ("Named Plaintiffs") services in having acted as class representatives, Midway agrees to pay to Named Plaintiffs the total sum of $60,000.00, payable as follows:

           a) A payment of $5,000, less payroll taxes, as compensation for all disputed wage claims to each Named Plaintiff. Defendants shall issue an IRS form W-2 for this payment.

           b) A payment of $10,000 as compensation for alleged liquidated damages for all wage violations and any disputed retaliation claims to each Named Plaintiff. Defendants shall issue an IRS form 1099 for this payment.

In light of the foregoing, the Named Plaintiffs are **not** eligible to recover any additional amounts from the Class Settlement Fund.

2.          No Consideration Absent Execution of this General Release. Named Plaintiff understands and agrees that Named Plaintiff would not receive the monies and/or benefits specified in paragraph 1 above, except for Named Plaintiff's execution of this General Release and the fulfillment of the promises contained herein.

3.          Revocation. This Release and Waiver of Claims shall be revoked if the Settlement Agreement is not finally approved.

4.          General Release of All Claims. Named Plaintiff, on behalf of himself/herself and his/her heirs, legatees, personal representatives and assigns, hereby releases and discharges the Released Parties (as such term is defined in the Settlement Agreement) from any actions, claims, charges, demands, liabilities, obligations, fees, debts, dues, interest, liquidated damages, penalties, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, judgments, or suits of any kind, whether known or unknown, which Named Plaintiff has, has had

er may have arising from his/her employment with Midway, regarding any acts or omissions that have occurred from the beginning of time through the Effective Date of the Settlement Agreement. Without limiting the generality of the foregoing, this release includes but is not limited to: (i) any claims or allegations asserting discriminatory termination, harassment, or retaliation; (ii) all claims under the FLSA, 29 U.S.C. § 201, *et seq.*, the IMWL, 820 ILCS 105/1, *et seq.*, the IWPCA, 820 ILCS 115/1, *et seq.*, Title VII, 42 U.S.C. §§ 2000e *et seq.*, Section 1981, the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, *et seq.*, the Employee Retirement Income Security Act of 1973 as amended, 29 U.S.C. §§ 1001, *et seq.*, the National Labor Relations Act as amended, 29 U.S.C. §§ 151, *et seq.*, the Occupational Safety and Health Act of 1970 as amended, 29 U.S.C. §§ 651 *et seq.*, and the Illinois Human Rights Act, as amended, 775 ILCS §§ 5/1, *et seq.*; (iii) any other federal, state, county or local statute, ordinance, regulation or order concerning the rights of employees; and (iv) all employment-related claims under the common law of any state, whether in tort, contract or otherwise. This Release does not apply to claims that may arise against Released Parties after the date of execution of this agreement. This Release may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to any of the Released Claims. The Defendants affirmatively reserve all rights, claims and defenses which may be raised in any subsequent proceeding, including, but not limited to, *res judicata* and claim preclusion.

5. <u>Acknowledgments and Affirmations</u>. Named Plaintiff affirms that Named Plaintiff has not filed, caused to be filed, or presently is a party to any claim against Midway except the Class Action.

6. <u>Governing Law and Interpretation</u>. This General Release shall be governed and conformed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision. In the event of a breach of any provision of this General Release, either party may institute an action specifically to enforce any term or terms of this General Release and/or seek any damages for breach. Should any provision of this General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this General Release in full force and effect.

7. <u>Non-admission of Wrongdoing</u>. The Parties agree that neither this General Release nor the furnishing of the consideration for this General Release shall be deemed or construed at any time for any purpose as an admission by Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. <u>Amendment</u>. This General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this General Release.

**NAMED PLAINTIFF IS ADVISED THAT NAMED PLAINTIFF HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS GENERAL RELEASE. NAMED PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN**

ATTORNEY PRIOR TO NAMED PLAINTIFF'S SIGNING OF THIS GENERAL RELEASE.

NAMED PLAINTIFF MAY REVOKE THIS GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY NAMED PLAINTIFF SIGNS THIS GENERAL RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JEFFREY A. RISCH AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF THE GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO JEFFREY A. RISCH OR HIS DESIGNEE, OR MAILED TO JEFFREY A. RISCH AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER NAMED PLAINTIFF SIGNS THIS GENERAL RELEASE.

NAMED PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS GENERAL RELEASE, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

NAMED PLAINTIFF IS ADVISED THAT NAMED PLAINTIFF HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS GENERAL RELEASE.

The Parties knowingly and voluntarily sign this General Release as of the date(s) set forth below:

Midway Building Services, Ltd.,

_____        By:_____
    Named Plaintiff

Its:_____

Date:_____        Date:_____

Midway Services, Inc. d/b/a
Brillante Building Services, Inc.,

By:_____

Its:_____

Date:_____

Midway Building Group, Inc.

By:_____

Its:_____

Date:_____

Liberty Building Maintenance, Inc.,

By:_____

Its:_____

Date:_____