IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE JUAN GALLEGOS, LILIAN PATRICIA PANAMA, FIDEL VINEGAS, HUGO SANCHEZ, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs <br><br> v. <br><br> MIDWAY BUILDING SERVICES, LTD., MIDWAY SERVICES, INC. d/b/a BRILLANTE BUILDING SERVICES, INC., LIBERTY BUILDING MAINTENANCE, INC. and MIDWAY BUILDING GROUP, INC. | Case No. 12 C 4032 <br><br> Magistrate Judge Finnegan |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL
APPROVAL OF THE PARTIES' STIPULATION OF SETTLEMENT**

Now come Plaintiffs Jose Juan Gallegos, Lilian Patricia Panama, Fidel Vinegas, and Hugo Sanchez, (collectively "Plaintiffs") on behalf of themselves and all others similarly situated, and move this Court for Final Approval of the Parties' Settlement. In support of their Unopposed Motion for Final Approval, Plaintiffs state as follows:

1. On May 16, 2013, this Court granted Preliminary Approval to the Parties' Two Hundred and Twenty Thousand and 00/100 Dollars ($225,000.00) settlement of Plaintiffs' individual claims for alleged retaliation on behalf of themselves and for wages on behalf of a class of other similarly situated employees of Defendants Midway Building Services, LTD., Midway Services, Inc., d/b/a Brillante Building Services, Inc., Liberty Building Maintenance, Inc., and Midway Building Group, Inc. (collectively "Midway") arising under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS

105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA") for alleged unpaid time spent traveling between sites or other work performed "off the clock" including unpaid minimum wages and overtime wages resulting from alleged non-payment of all time worked, and for earned unpaid vacation pay, and to resolve the Named Plaintiffs' individual claims of retaliation and discrimination.

2. Final approval is appropriate where the court determines that a settlement is fair, adequate, and reasonable. *Synfuel Techs., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 652 (7th Cir. 2005). In determining whether a settlement is fair, adequate, and reasonable, courts in the Seventh Circuit consider a variety of factors including:

    a. the strength of plaintiffs' case, weighed against the settlement offer;

    b. the complexity, length, and expense of further litigation;

    c. the presence of collusion between the parties;

    d. the opinion of competent counsel;

    e. the reaction of class members to the proposal; and

    f. the stage of proceedings and discovery completed.

*In re Mexico Money Transfer Litig*., 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000) (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)). As explained in detail in Plaintiffs' supporting memorandum of law, the Parties' Stipulation of Settlement here meets these factors and should be approved.

WHEREFORE, Plaintiffs respectfully request that the Court enter a Final Order approving the Parties' Stipulation of Settlement.

                                            Respectfully Submitted,

Dated: September 9, 2013

                                            <u>s/Christopher J Williams</u>
Christopher J. Williams
Alvar Ayala
Workers' Law Office, PC
401 S. La Salle, Suite 1400
Chicago, Illinois 60605
(312) 795-9121

Attorneys for Plaintiff**s**